IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL-ANTHONY CONONIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 25-cv-01447 |
| | ) |
| THOMAS P. CAULFIELD, Judge, | ) |
| TYLER MCALLISTER, Deputy, COURT | ) |
| OF COMMON PLEAS OF ALLEGHENY | ) |
| COUNTY, GOVERNER'S OFFICE OF | ) |
| GENERAL COUNSEL, | ) |
| COMMONWEALTH OF | ) |
| PENNSYLVANIA, and ALLEGHENY | ) |
| SHERIFF'S DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Presently before the Court is Plaintiff Paul Anthony Cononie's Emergency Motion for Temporary Injunction and Stay of State Proceedings, with proposed Order. ECF Nos. 5 & 6. Before proceeding to resolution of the Motion, the relevant background is set forth. Plaintiff filed this action against two individuals, Judge Thomas P. Caulfield and Deputy Tyler McAllister, and four entities, the Court of Common Pleas of Allegheny County, the Governor's Office of General Counsel, the Commonwealth of Pennsylvania, and the Allegheny Sheriff's Department. ECF No. 3. The Complaint, which was filed on October 6, 2025, alleges that Defendants violated Plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution; that Defendants violated his rights under Article I, sections 1, 8, 9, and 26 of the Pennsylvania Constitution; and that Defendants violated his civil rights, and engaged in a

conspiracy to violate his rights, under 42 U.S.C. §§ 1983 and 1985, and 18 U.S.C. §§ 241 and 242[1].

The alleged facts underlying the Complaint concern an event that occurred in the morning of July 21, 2025 inside of Judge Caulfield's courtroom. Plaintiff alleges that during his proceeding, the Judge ignored his right to self-representation and ordered Deputy McAllister to "assault" Plaintiff. Plaintiff was arrested and spent 38 days in the Allegheny County Jail.[2] Plaintiff was charged with Resisting Arrest and Disorderly Conduct. *See* Ex. 1 to the Complaint, filed at ECF No. 3-1. The charges were first addressed at the Magistrate Judge level. See Court of Common Pleas of Allegheny County Docket No. MJ-05003-CR-0004727-2025. The charge of Disorderly Conduct was withdrawn, and the charge of Resisting arrest was waived for disposition in the Court of Common Pleas. Court of Common Pleas Docket No. CP-02-CR-0005736-2025. A pretrial conference was scheduled for October 10, 2025 and a non-jury trial was scheduled for December 1, 2025. *Id.*

In his Motion for injunctive relief, Plaintiff refers to his state court criminal proceeding, cited above, which is the subject of this federal civil rights action. Plaintiff also refers to state court domestic proceedings involving applications for protection from abuse filed by Plaintiff against his ex-partner and filed by his ex-partner against Plaintiff. Plaintiff avers that the instant federal action arose out of said domestic court proceedings, alleging that the non-criminal actions "escalated into the *ongoing* criminal proceedings," which are the subject of the instant federal Complaint. Pltf. Emergency Mot. at 5 (emphasis added).

---

[1] 18 U.S.C. §§ 241 and 242 are criminal statutes enforced only by the Department of Justice. There is no private right of action to civilly sue a person or entity under these statues.

[2] Plaintiff alleges additional facts; however, the abbreviated facts are all that is necessary to resolve the present Motion.

As relief, Plaintiff seeks an Order of Court Staying "all proceedings in the Court of Common Pleas of Allegheny County, Pennsylvania, arising from or relating to the matters described in this case." Pltf's Proposed Order, ECF No. 6. He further seeks to enjoin Defendants and "all persons acting in concert with them," from "taking any further adverse action against Plaintiff related to the facts of this case, including but not limited to any arrest, detention, or prosecution, while this matter is under federal review." *Id.*

"Under most circumstances, a federal court has no power to enjoin state court proceedings." *Matter of Davis*, 691 F.2d 176, 177 (3d Cir. 1982). The Anti-Injunction Act states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The United States Supreme Court has "held that absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989)(*NOPSI*) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The holding was based upon "traditional principles of equity" as well as "the even more vital consideration" of comity. *NOPSI*, 491 U.S. at 364. As to state court domestic proceedings, the Third Circuit has described such proceedings as "implicat[ing] the important state interest of preserving the state's judicial system.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 671 (3d Cir.2010). "As the Supreme Court has noted, '[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" *Atl. Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970).

Plaintiff cites to several cases and rules, most of which are either irrelevant to this case, or not applicable at this stage of the proceedings, because the Defendants have not yet been served. For example, Plaintiff relies upon the federal removal statute, 28 U.S.C. § 1446(d), for the proposition that removal of a state court proceeding divests the state court of jurisdiction. The present action, however, was not removed from state court, and it is not legally possible for a criminal defendant to remove a state criminal proceeding to federal court. Plaintiff also cites to cases that refer to, in part, matters in state court where bad faith, harassment, and due process violations have been established; here, none of Plaintiff's allegations have been tested, much less established. Finally, Plaintiff argues that this Court's granting of *in forma pauperis* status, and its direction that the Complaint be served upon Defendants, amounts to an assertion of federal jurisdiction that deprives any possibly related state court proceeding of its own jurisdiction. However, that is not the case.

Plaintiff's state court proceedings have nothing legally in common with the present federal civil rights action. The constitutional violations that Plaintiff claims occurred while he was in state court for a hearing constitute a separate matter from the state court proceeding, wherein the state is pursuing criminal charges against Plaintiff. In addition, Plaintiff's state court domestic proceedings have no connection to the claims raised in this case.

Therefore, upon consideration of Plaintiff's Emergency Motion, and review of the exhibits and applicable law, the Court finds no basis to grant injunctive relief and/or to stay any state court proceeding.[3] Accordingly, the Emergency Motion will be denied.

---

[3] While it is presently unknown when Plaintiff's state court criminal proceeding will be resolved, upon motion, this federal case may be stayed pending the outcome of the criminal proceeding. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (if a plaintiff files any claim in federal court, "related to rulings that will likely be made in a pending or anticipated [state] criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended"); *SEC v. Desai*, 627 Fed. Appx. 201, 205 (3rd Cir. 2016) ("courts may defer civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem to require such action").

And now, this 16th day of October 2025, for the reasons set forth above, Plaintiff's Motion for Temporary Injunction and Stay of State Proceedings, ECF No. 5, is DENIED.

      s/*Marilyn J. Horan*
      Marilyn J. Horan
      United States District Court Judge

Paul Cononie
307 Dunbar Drive
Pittsburgh, PA 15235