IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL-ANTHONY CONONIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 25-cv-01447 |
| | ) |
| THOMAS P. CAULFIELD, et. al, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Presently before the Court are the following four motions filed by the parties. Defendants[1] Allegheny County Sheriff's Office and Deputy Tyler McAllister have filed a Motion to Strike Plaintiff's Pleading #41 (ECF No. 46). Plaintiff has filed a Motion to Compel Discovery (ECF No. 42), a Motion to Compel [Compliance with a Subpoena Duces Tecum] (ECF No. 48), and a Motion to Compel – Related Material of the Police Report (ECF No. 49). The Motions are resolved  follows.

   I.   **Defendants' Motion to Strike**

Pursuant to Federal Rule of Civil Procedure 12(f), upon a motion by either party, the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f).  The purpose of a Rule 12(f) motion to strike is to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters." *United States v. Educ. Mgmt. Corp.*, 871 F.Supp.2d 433, 460 (W.D. Pa. 2012) (citation omitted). The movant must show that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration and that their presence in the pleadings will be

---

[1] Although there are other Defendants in this case, in this Order, the Court will use the collective noun, "Defendants," to refer to the Allegheny County Sheriff's Office and Deputy Tyler McAllister.

prejudicial. *Flanagan v. Wyndham Int'l, Inc.*, No.2002/237–M/R, 2003 WL 23198798 (D. Vi. Apr.21, 2003) (citing 2 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedures, § 1380). A court will generally not grant such a motion unless the material to be stricken bears "no possible relationship to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Eisai Co., Ltd. v. Teva Pharmaceuticals USA, Inc.*, 629 F.Supp.2d 416, 425 (D.N.J. 2009) (citations omitted).

Defendants move to strike Plaintiff's pleading filed at ECF No. 41, in its entirety, arguing that it contains immaterial, impertinent, and scandalous matter. The pleading at issue consists of the following documents:

- a Fax cover page dated January 1, 2026, addressed to Thomas Farrell and referring to reference number C4-25-1094, ECF No. 41 at 1.
- an undated letter from Plaintiff to Mr. Farrell, ECF No. 41 at 2-3.
- a December 17, 2025 letter from the Office of Disciplinary Counsel to Plaintiff, ECF No. 41 at 4-5.
- a letter from counsel for Defendants to Plaintiff explaining that he attached a signed Waiver of Service of Summons and counsel requested that Plaintiff correct the name of Defendant County of Allegheny Sheriff's Office, ECF No. 41 at 6-7.
- and an apparent fax confirmation sheet, ECF No. 41 at 8.

The Court agrees that the pleading must be stricken. It is clear that none of the information in the pleadings bears upon this case, much less on the resolution of the outstanding Motions to Dismiss. Plaintiff sues Defendants concerning events that happened in a Court of Common Pleas Courtroom on a date certain. The letter from the Office of Disciplinary Counsel concerns complaints made by Plaintiff against Defendants' attorney, some of which he raised before this Court, concerning counsel's communication with Plaintiff. The Court has explained that counsel has not engaged in any wrongdoing in relation to this case. The Court finds that the information in ECF No. 41 is outside the issues in this case and unrelated to Plaintiff's claims. In addition, such information may be prejudicial to the Defendants in that Plaintiff is imputing professional

misconduct on the part of defense counsel, when defense counsel has not engaged in any improper conduct.

As to the specific information in the pleading, Plaintiff included sexually explicit statements, demeaning statements, accusations of corruption, accusations of wrongdoing, and accusations of criminal conduct. Such allegations have no connection to Plaintiff's case before this Court and the allegations are prejudicial to the defense and defense counsel. Moreover, said allegations are impertinent and scandalous, in that they name specific persons and an entity that have no connection to the claims set forth by Plaintiff. Such allegations only serve to disparage such persons and the entity and have no proper purpose in this action other than to attack, embarrass and/or discredit the persons and the entity.

The Court finds that the pleadings identified at ECF No. 41 concern matters that are immaterial, impertinent, and scandalous; the information in the documents are outside the issues in this case; and that the allegations and information in the pleadings are prejudicial to Defendants. Accordingly, Defendants' Motion to Strike will be granted and ECF No. 41 will be stricken.

**II.     Plaintiff's Motions to Compel**

As stated, Plaintiff has filed three Motions to Compel, all of which are seeking discovery materials of some sort.

In the first Motion to Compel Discovery filed at ECF No. 42, Plaintiff seeks to compel the production of a variety of material related to a statement made by defense counsel in his Brief in Support of Motion to Dismiss, concerning Plaintiff allegedly kicking a Deputy Sheriff when he was being arrested in the Courtroom. Plaintiff maintains that the statement is an improper accusation that Plaintiff engaged in criminal conduct.

In fact, defense counsel's statements, referencing an alleged kick, are merely his interpretation of the audio from body-worn camera (BWC) footage submitted by Plaintiff as exhibits. What defense counsel actually states in his Brief is:"At one point during the struggle, you can hear one of the deputies' state Cononie kicked him. (See ECF 23)." ECF No. 30 at 2. Later in the Brief, defense counsel states, "Furthermore, you can hear a Deputy Sheriff complain that Plaintiff Cononie kicked him." ECF No. 30 at 7. Defense counsel is not making an accusation, nor is he alleging that Plaintiff actually kicked a Deputy Sheriff. All he is saying is that when he viewed the video footage, he heard a Deputy Sheriff state that Plaintiff kicked him. The video footage speaks for itself. Plaintiff is free to argue that none of the Deputy Sheriffs present that day made such a statement. Defense counsel has presented his argument in favor of dismissing the claims against his client. His statement explaining what can be heard on the video footage is permissible. Even if it were not permissible, the proper remedy would be striking the statement. There is no proper legal basis upon which Plaintiff may compel evidence based upon defense counsel's statement. Accordingly, the Motion to Compel filed at ECF No. 42 will be denied.

Next, in Plaintiff's Motion to Compel [Compliance with a Subpoena Duces Tecum] (ECF No. 48), Plaintiff seeks to compel, from the Clerk of Courts/Custodian of Records of the Allegheny County Court of Common Pleas, the production of certified copies of records from Allegheny County Court of Common Pleas Case No. CP-02-CR0005736-2025. Said state court criminal case docket number is the underlying criminal case in this federal civil rights action.

Federal Rule of Civil Procedure 26(d) governs the timing and sequence of discovery. Rule 26(d)(1) states: "(1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial

disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. Proc. 26(d)(1). None of the exceptions apply in this case, nor have the parties had their Rule 26(f) conference. Moreover, there are outstanding Motions to Dismiss filed by Defendants waiting for resolution. For all these reasons, Plaintiff's Motion to Compel, Subpoena duces Tecum, and his related discovery requests, are premature and in violation of the Rules. Accordingly, Plaintiff's Motion to Compel [Compliance with a Subpoena Duces Tecum], filed at ECF No. 48, will be denied as premature.

      Finally, in Plaintiff's Motion to Compel – Related Material of the Police Report, ECF No. 49, Plaintiff seeks to compel, from the Monroeville Police Department, a police report, photographs, and "additional materials related to the incident in question," ECF No. 49-2. As explained above, the Motion is improper, as it is premature to begin discovery. In this case, however, the Motion is not just premature, it is also an improper attempt to compel discovery of matters unrelated, and not relevant, to the present case. The matters sought to be produced also concern an unrelated third-party who has nothing to do with Plaintiff's present federal civil rights action. Accordingly, the Motion to Compel – Related Material of the Police Report, ECF No. 49, will be denied.

      The Court further concludes that, based upon the above filings by Plaintiff, it is necessary to Order that Plaintiff shall cease any and all attempts to compel production of any materials, discovery, or other matters, based upon the existence of the present federal case until, and unless, the Court notifies the parties that discovery may commence.

AND NOW, this 20th day of January 2026, it is hereby ORDERED as follows:

1. Defendants' Motion to Strike , ECF No. 46, is GRANTED. The pleading filed at ECF No. 41 is hereby STRICKEN. The Clerk of Court is hereby directed to remove ECF No. 41 from public view.

2. Plaintiff's Motion to Compel Discovery, ECF No. 42, is DENIED.

3. Plaintiff's Motion to Compel [Compliance with a Subpoena Duces Tecum], ECF No. 48, is DENIED as premature.

4. Plaintiff's Motion to Compel – Related Material of the Police Report, ECF No. 49, is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall immediately cease any and all attempts to compel production from any party, person, or entity, of any type of materials based upon the existence of the present federal case. The moratorium on Plaintiff's discovery attempts will continue until, and unless, the Court notifies the parties that discovery may commence.

                                                    __s/*Marilyn J. Horan*_____
                                                    Marilyn J. Horan
                                                    United States District Court Judge

Paul Cononie
307 Dunbar Drive
Pittsburgh, PA 15235