**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAUL-ANTHONY CONONIE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THOMAS P. CAULFIELD, Judge, TYLER MCALLISTER, Deputy, COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, GOVERNER'S OFFICE OF GENERAL COUNSEL, COMMONWEALTH OF PENNSYLVANIA, and ALLEGHENY SHERIFF'S DEPARTMENT,**<br><br>**Defendants.** | ) | **Civil No. 25-cv-01447** |

**Opinion and Order**

Plaintiff Paul Anthony Cononie brings suit against Judge Thomas P. Caulfield, Deputy Sheriff Tyler McAllister, the Court of Common Pleas of Allegheny County, the Governor's Office of General Counsel, the Commonwealth of Pennsylvania, and the Allegheny Sheriff's Department[1]. ECF No. 3. Plaintiff's Complaint arises out of events occurring on the morning of July 21, 2025, inside of Judge Caulfield's courtroom.

Presently before the Court are the Allegheny County Sheriff's Office and Deputy McAllister's Motion to Dismiss for Failure to State a Claim (ECF No. 29), Judge Caulfield's Motion to Dismiss Plaintiff's Complaint (ECF No. 32), the Governor's Office of General Counsel, Commonwealth of Pennsylvania's (Commonwealth Defendant) Motion to Dismiss Plaintiff's Complaint (ECF No. 52), and the Court of Common Pleas of Allegheny County's

[1] The Court will refer to Defendant "Allegheny Sheriff's Department" using its correct name, "Allegheny County Sheriff's Office."

Motion to Dismiss Plaintiff's Complaint (ECF No. 70). In addition, Plaintiff has filed a Motion for Writ of Mandamus (28 U.S.C. § 1361) (ECF No. 62) and a Motion for Default Judgment (ECF No. 63).

## I. Procedural Background

Plaintiff was granted permission to proceed in forma pauperis and his Complaint was filed on October 6, 2025. On October 14, 2025, Plaintiff filed an Emergency Motion for Temporary Injunction and Stay of State Proceedings, with proposed Order. ECF Nos. 5 & 6. The Court denied the Motion on October 16, 2025. ECF No. 7. On October 20, 2025, Plaintiff sought reconsideration of the denial of injunctive relief, which the Court denied on October 23, 2025. ECF Nos. 8 & 9. Next, on November 13, 2025, Plaintiff filed a pleading requesting that the Court strike or disregard a completed Waiver of Service form, which was denied. ECF Nos. 12 & 13. On November 20, 2025, Plaintiff filed a pleading that, in part, renewed his objection to "unauthorized filings." ECF No. 14. On November 21, 2025, the Court acknowledged the filing, but concluded it had no power to take Plaintiff's requested action. ECF No.15.

Thereafter, from December 3, 2025 through January 12, 2026, Plaintiff filed the following:

- Notice Regarding Counsel's Extrajudicial Demands (ECF No. 18),
- Exhibits (ECF Nos. 23-25, 40),
- Motion to Compel Discovery (ECF No. 42),
- Motion to Compel [Compliance with a Subpoena Duces Tecum] (ECF No. 48), and
- Motion to Compel – Related Material of the Police Report (ECF No. 49).

On January 8, 2026, the Allegheny County Sheriff's Office and Deputy McAllister filed a Motion to Strike Plaintiff's Pleading. ECF No. 46. On January 20, 2026, the Court granted Defendants' Motion to Strike and denied Plaintiff's Motions to Compel. ECF

No. 50. On that same date, Plaintiff appealed the Court's Order to the United States Court of Appeals for the Third Circuit. ECF No. 55. On August 24, 2026, the Third Circuit dismissed the appeal for lack of appellate jurisdiction. ECF No. 77. Accordingly, the present Motions are ripe for disposition.[2]

## II. Relevant Factual Background

Viewing the factual allegations in a light most favorable to Plaintiff, he alleges that on morning of July 21, 2025 , he appeared in Judge Caulfield's courtroom carrying "a backpack full of legal (evidence) papers and a pen," and he did not possess any weapon or contraband. Compl. ¶¶ 6, 9. Plaintiff sought to waive representation by counsel and asserted his Sixth Amendment right to self-representation. Compl. ¶¶ 6-7. Judge Caulfield "disregarded" his right to self-representation and threatened Plaintiff with contempt. Compl. ¶ 7. Deputy McAllister, "[a]cting on the Judge's instructions," assaulted Plaintiff by "swinging him violently," and damaging his phone and backpack. Compl. ¶ 8. Additional deputies arrived after a panic alarm was triggered and threatened to physically assault Plaintiff. Compl. ¶ 9. Plaintiff alleges that "Court Reporter records were altered to protect the Judge and deputies." Compl. ¶ 12.

Plaintiff was arrested and charged with Resisting Arrest and Disorderly Conduct. *See* Ex. 1 to the Complaint, filed at ECF No. 3-1. In the Criminal Complaint, Deputy McAllister stated that Plaintiff "became argumentative with the Judge" and "continued to be argumentative." Compl. ¶ 11; Police Crim. Compl., ECF No. 3-1, at 6. He was detained in the Allegheny County Jail for thirty-eight days. Compl. ¶ 10. The charges were first addressed at the Magistrate Judge

[2] Plaintiff also filed several other pleadings in this case unrelated to Defendants' Motions to Dismiss. ECF Nos.51, 56, 57, & 67.

level. *See* Court of Common Pleas of Allegheny County Docket No. MJ-05003-CR-0004727-2025. The charge of Disorderly Conduct was withdrawn, and the charge of Resisting Arrest was waived for disposition in the Court of Common Pleas. *See* Court of Common Pleas Docket No. CP-02-CR-0005736-2025.[3] A non-jury trial was scheduled for December 1, 2025. *Id.* Trial was continued to February 4, 2026, and then to February 10, 2026. *Id.* On February 10, 2026, Plaintiff was convicted of the charge of Resisting Arrest and was sentenced the same day to fifteen to thirty-eight days' imprisonment.[4]

Plaintiff asserts six Counts against Defendants: Count I: violation of the Sixth Amendment right to self-representation; Count II: Fourteenth Amendment due process violation; Count III: Excessive Force/Fourth Amendment violation; Count IV: violations of his Civil Rights pursuant to 42 U.S.C. §§ 1983 and 1985; Count V: Conspiracy Against Rights in violation of 18 U.S.C. §§ 241 and 242[5]; and Count VI: State Constitutional Violations under Article I, sections 1, 8, 9, and 26 of the Pennsylvania Constitution. Compl. ¶ p. 4, § VI.

---

[3] The Court may consider the Allegheny County Court of Common Pleas cases as well as the Transcript of the hearing at issue in this case, provided by Plaintiff, because such documents are a matter of public record and because they are documents "integral to" Plaintiff's complaint. *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279 (3d Cir. 2018), *In re Asbestos Prods. Liab.Litig. (No. VI)*, 822 F.3d 125, 133 n. 7 (3d Cir. 2016).

[4] Plaintiff's conviction on the underlying charge of resisting arrest raises the issue of whether any of Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the Supreme Court's holding in *Heck*, if a favorable judgment on a § 1983 damages claim would "necessarily imply the invalidity" of the plaintiff's conviction or sentence, the claim must be dismissed, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 486–87. In this case, any claim that purports to challenge the lawfulness of Plaintiff's arrest is barred by *Heck*, because success on such a claim would necessarily imply the invalidity of Plaintiff's conviction for resisting arrest. Here, Plaintiff does challenge the legality of his arrest, but such a claim is foreclosed by *Heck*. In contrast, even with the conviction, Plaintiff may assert claims that do not imply the invalidity of his conviction. Thus, Plaintiff's excessive force claim, First Amendment claim, Sixth Amendment right to self-representation claim, as well as others , are not barred by *Heck*.

[5] 18 U.S.C. §§ 241 and 242 are criminal statutes enforced only by the Department of Justice. There is no private right of action to civilly sue a person or entity under these statues.

## III. Standard of Review

The Federal Rules of Civil Procedure provide that "[p]leadings must be construed so as to do justice." Fed. R. Civ. Pro. 8(e). When reviewing pro se pleadings, the Court is to apply a "pronounced" liberal standard. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). A pro se plaintiff's allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "[A] court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett*, 938 F.3d at 92. Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id*. Nevertheless, for Rule 12(b)(6) purposes, "a *pro se* complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Salley v. Sec'y Pa. Dep't of Corr.*, 565 Fed.Appx. 77, 81 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678); *see Thakar v. Tan*, 372 Fed.Appx. 325, 328 (3d Cir. 2010) ("[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se*.").

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

## III. Discussion

The Court first addresses Plaintiff's two outstanding Motions before turning to the Defendants' Motions to Dismiss.

### A. Motion for Writ of Mandamus and Motion for Default Judgment

Plaintiff has filed a Motion for Writ of Mandamus (28 U.S.C. § 1361) (ECF No. 62) and a Motion for Default Judgment (ECF No. 63). There is overlap between the two Motions in that Plaintiff presents similar arguments, foremost among them is his claim that Defendants have

filed to file pleadings as directed by briefing Orders. In his Motion for Mandamus, he requests a Writ of Mandamus to compel Defendants to perform ministerial duties required by law, including "compliance with federal procedural obligations." Prop. Order, ECF No. 64. In his Motion for Default Judgment, he requests entry of default and default judgment against the "non-responding Defendants." Prop. Order, ECF No. 65.

The failure, or decision, of a party not to file a Reply as ordered means that the non-filing party will not have its arguments presented to the Court. It could also mean that the party chose not to file a Reply because there was no issues in Plaintiff's Response requiring a Reply. In any event, no Defendant has engaged in sanctionable conduct in litigating this case. In addition, not filing a Reply is not grounds for entering default, default judgment, or a Writ of Mandamus. There being no merit to Plaintiff's Motions, they will be denied.

**B. Commonwealth Defendant**

The Governor's Office of General Counsel, Commonwealth of Pennsylvania, referred to as the Commonwealth Defendant, filed a Motion to Dismiss. Initially, Plaintiff's Complaint fails to provide factual allegations to support any cause of action against the Commonwealth Defendant. The Commonwealth Defendant is only referred to in the caption of the case. There are no allegations informing the Commonwealth Defendant of what actions they allegedly took to violate Plaintiff's rights. In addition, there are no identified claims or causes of action asserted against the Commonwealth Defendant, rather than asserting all claims against all Defendants without distinction. Thus, dismissal of all alleged claims against the Commonwealth Defendant is warranted.

Additionally, a claim against the Commonwealth Defendant cannot survive since the state is protected by Eleventh Amendment immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); 28 U.S.C. § 1915(e)(2)(B)(iii) (barring claims for "monetary relief against a defendant who is immune from such relief"). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).

Plaintiff also cannot state a valid 42 U.S.C. § 1983 claim against the Commonwealth Defendant, because Plaintiff cannot plead the essential element that any alleged conduct complained of was committed by a "person" acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir.1995). With respect to the Plaintiff's claims alleging a violation of the Pennsylvania Constitution, such claims are subject to dismissal since the Commonwealth Defendant is immune from suit, unless an exception to the Commonwealth's sovereign immunity exists. No such exception exists in this case.

Accordingly, the Commonwealth Defendant's Motion to Dismiss will be granted and the claims asserted against the Commonwealth Defendant will be dismissed.

**C. Court of Common Pleas of Allegheny County**

The Complaint also does not provide factual allegations to support any cause of action against the Court of Common Peas of Allegheny County. In addition, the Eleventh Amendment bars Plaintiff's potential claims against the Court, based upon sovereign immunity, because the Common Pleas Court is a Commonwealth entity. *Lombardo v. Pennsylvania, Dept. of Public Welfare*, 540 F.3d 190, 194- 95 (3d Cir. 2008); 42 Pa. Cons. Stat. § 102 & 42 Pa. Cons. Stat. §

301(4). Similarly, like the Commonwealth Defendant, the Court is also not a "person" subject to suit under § 1983 or § 1985.

Accordingly, the Court of Common Pleas of Allegheny County's Motion to Dismiss will be granted and the claims asserted against the Court will be dismissed.

### D. Common Pleas Judge Thomas P. Caulfield

#### 1. Immunity

A judge is protected from suit by judicial immunity for any acts or omissions taken in his judicial capacity, so long as he does not act in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).[6] A "judge will not be deprived of immunity because the action she took was in error, was done maliciously, or was in excess of authority." *Id.* at 356. Furthermore, judicial immunity is not forfeited even if a judge committed "grave procedural errors," conducted a proceeding in an "informal and ex parte" manner or performed an action that was "unfair" or controversial. *Gallas v. Supreme Court of Pa.,* 211 F.3d 760, 769 (3d Cir. 2005). Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas*, 211 F.3d at 768.

The factual allegations related to Judge Caulfield concern his actions taken solely within his judicial authority, while he was presiding over Plaintiff's hearing. Any claim asserted against Judge Caulfield, under Plaintiff's allegations, necessarily relates to his role as a Common Pleas

---

[6] *See also Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (absolute judicial immunity attaches even if the act were done in furtherance of a conspiracy).

Judge in connection with Plaintiff's appearance in Court before Judge Caulfield on July 21, 2025. Plaintiff has not set forth any facts to suggest that Judge Caulfield acted in the absence of jurisdiction and thus he is immune from suit.

Judge Caulfield is also entitled to Sovereign Immunity from any potential state law claims. 1 Pa. Cons. Stat. § 2310; *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 593 (M.D. Pa. 2010). Like the state Defendants discussed above, Judge Caulfield is also entitled to Eleventh Amendment immunity. Finally, to the extent that official capacity claims are asserted against Judge Caulfield, such claims are subject to dismissal because a state official sued in his official capacity is not a "person" under § 1983. Accordingly, Judge Caulfield's Motion to Dismiss will be granted and all claims against Judge Caulfield will be dismissed.

**2. Right to Self-Represenation**

Judge Caulfield's immunity bars Plaintiff's claim that the Judge violated his constitutional right to represent himself. However, considering the claim on the merits, the right to represent oneself is not absolute. *Martinez v. Ct. of Appeal of California, Fourth App. Dist.*, 528 U.S. 152, 161, (2000). The right to represent oneself, in both state and federal courts, is subject to the Judge's ascertainment as to whether the defendant's waiver is knowing, voluntary, and intelligent. *United States v. Taylor*, 21 F.4th 94, 100 (3d Cir. 2021). The transcript of Plaintiff's proceedings demonstrates that Plaintiff's right to represent himself was not violated. *See* Tr. Hrg, July 21, 2025, at 2-3 (ECF No. 23-1) (Plaintiff confirmed that he did not understand an attorney would be appointed for him if he could not afford one, he did not understand the nature of the charges against him, and he did not understand the elements of the charges against him). Based upon Plaintiff's statements that he did not understand fundamental matters in his

case, Judge Caulfield properly concluded that Plaintiff was not able to represent himself under the applicable legal principles. *Id.*

**E. Allegheny County Sheriff's Office and Deputy McAllister**

Plaintiff alleges that Deputy McAllister assaulted Plaintiff by "swinging him violently," damaging his phone and backpack, and that other deputies threatened to physically assault him. Plaintiff has submitted as an Exhibit, Body Worn Camera video evidence of the arrest. ECF No. 23. Plaintiff does not name any other Deputy as a defendant.

**1. Excessive Force**

With respect to Plaintiff's claim of excessive force, the "right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 22–27 (1968)). "It is conceivable that a law enforcement officer, acting within the scope of his official duties, may use force that is excessive." *Lora-Pena v. F.B.I.*, 529 F.3d 503, 506 (3d Cir. 2008). Whether a law enforcement official "used excessive force" is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 388 (1989). Whether the force used is reasonable depends on "the facts and circumstances of each particular case," "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396 (citing *Terry*, 392 U.S. at 20-22). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97.

Applying the above legal principles to Plaintiff's allegations, the Court concludes that the deputies did not use excessive force in subduing and arresting Plaintiff pursuant to Judge Caulfield's order. Here, the Court may rely upon Plaintiff's Complaint allegations and the Body Worn Camera video evidence submitted to the Court in this case. An objective reasonableness test requires a focus on the deputies' actions "in light of the facts and circumstances confronting them," which in this case was direct observation of Plaintiff's refusal to comply with the Judge's directions and Deputy McAllister observation that Plaintiff held a backpack and was holding a pen in his hand. *Graham*, 490 U.S. at 397. Plaintiff's Complaint, along with his other filings, focus on the fact that he did not have a weapon on him or in his backpack. Compl. ¶ 9 ("Plaintiff possessed no weapon, contraband, or threat to security"). However, a reasonable officer on the scene would not know that Plaintiff did not have a weapon or other object with which to attack the Deputy. Furthermore, Deputy McAllister was able to observe Plaintiff holding a pen in his hand, which is an object capable of being used as a weapon. Based upon the Complaint allegations and the Body Worn Camera evidence, Deputy McAllister's conduct to effect an arrest of Plaintiff, and the conduct of the additional deputies that assisted him, was objectively reasonable. Accordingly, Plaintiff fails to state a Fourth Amendment claim based upon excessive force.

**2. Immunity**

Plaintiff cannot challenge the validity of his arrest, as such a claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). However, even if the claim could be asserted, Deputy McAllister would be entitled to qualified immunity for his actions in arresting Plaintiff, because he relied upon a valid order issued by a Judge. *Taylor v. Barkes*, 575

U.S. 822, 825 (2015) ("Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct") (quotations and citation omitted).

**3. Sheriff's Office**

The claims against the Allegheny County Sheriff's Office will also be dismissed. Since Deputy McAllister did not violate Plaintiff's constitutional rights, there is no basis for any claim against the Sheriff's Office. There is also no basis for Plaintiff to maintain a § 1983 *Monell* claim against the Sheriff's Office, as Deputy McAllister did not violate Plaintiff's constitutional rights and Plaintiff has not sufficiently alleged a policy or custom that caused a constitutional violation. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978).

Accordingly, the Allegheny County Sheriff's Office and Deputy McAllister's Motion to Dismiss will be granted and all claims against Deputy McAllister and the Sheriff's Office will be dismissed.

**F. Leave to Amend**

When a complaint is subject to dismissal, the Court must consider whether leave to amend the complaint be granted. *Grayson*, 293 F.3d at 108. "[L]eave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." *Id.* As stated, Plaintiff has failed to properly assert facts to support any claim or cause of action against any Defendant and is precluded from pursuing claims against Defendants who are entitled to immunity. Therefore, leave to amend will be denied.

## IV. Conclusion

Plaintiff's Complaint fails to state a claim upon which relief can be granted and/or each Defendant is entitled to immunity. The Defendants' Motions to Dismiss will be granted.

Accordingly, the following Order is hereby entered.

## ORDER

And now, this 25th day of September 2026, it is hereby ORDERED that, for the reasons set forth above, the Court finds that Plaintiff has failed to properly assert or state any claim or cause of action against any of the Defendants. IT IS FURTHER ORDERED as follows:

**A.** The Allegheny County Sheriff's Office and Deputy McAllister's Motion to Dismiss for Failure to State a Claim (ECF No. 29) is GRANTED.

**B.** Judge Caulfield's Motion to Dismiss Plaintiff's Complaint (ECF No. 32) is GRANTED.

**C.** The Governor's Office of General Counsel, Commonwealth of Pennsylvania's Motion to Dismiss Plaintiff's Complaint (ECF No. 52) is GRANTED.

**D.** The Court of Common Pleas of Allegheny County's Motion to Dismiss Plaintiff's Complaint (ECF No. 70) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Writ of Mandamus (28 U.S.C. § 1361) (ECF No. 62) and his Motion for Default Judgment (ECF No. 63) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is hereby DISMISSED. Leave to amend the Complaint is denied.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Appellate Procedure 4(a)(1), if Plaintiff desires to appeal from this Opinion and Order he must do so within thirty days by filing a notice of appeal as provided in Federal Rule of Appellate Procedure 3.

s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

Paul-Anthony Cononie, pro se
307 DUNBAR DRIVE
Pittsburgh, PA 15235